**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

STEPHEN P. LINZA,

                Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                Defendant.

15-CV-567-A
**DECISION AND ORDER**

---

This case is before the Court on the Acting Commissioner of Social Security's motion to dismiss for inadequate service. For the reasons stated below, the motion is denied.

## BACKGROUND

Plaintiff seeks review of the Commissioner's decision reducing Plaintiff's Social Security benefits because of his service in the Air National Guard.[1] Plaintiff filed his complaint on June 25, 2015, and several days later, he filed a proposed summons for the Commissioner. The Clerk's Office issued the summons the next day. The version of Federal Rule of Civil Procedure 4(m) then in effect required Plaintiff to effect service within 120 days of the date he filed his complaint.

Less than two months later, Plaintiff filed an affidavit stating that he had served an employee of the Social Security Administration's (SSA) Office of the Regional Chief

---

[1] Plaintiff is a retired Air National Guardsman. Docket No. 6-1 ¶ 5. The Commissioner contends that the Windfall Elimination Provision (WEP), 42 U.S.C. § 415, requires the Commissioner to reduce Plaintiff's Social Security benefits to account for his receipt of retirement benefits from his service in the National Guard. The WEP, however, does not apply to those who receive certain payments as a result of "service as a member of a uniformed service." 42 U.S.C. § 415(d)(3)(B). Thus, the sole issue in this case is whether the WEP applies to Plaintiff's service in the National Guard. The only court that appears to have addressed this issue ruled in favor of the plaintiff. *See Petersen v. Astrue*, 633 F.3d 633 (8th Cir. 2011).

Counsel in New York City, which handles Social Security appeals in this District. *See* Docket No. 5. The Court's Standing Order for Social Security appeals requires the Commissioner to answer a complaint within 90 days of service.[2] The Commissioner did not do so.

On October 23, 2015, Rule 4(m)'s 120-day service period ended. Several weeks later—after Plaintiff did not receive the Commissioner's answer, which Plaintiff's counsel found "very unusual" (Docket No. 6-1 ¶ 14)—Plaintiff served a copy of the summons and complaint on the Attorney General in Washington, D.C.; the Buffalo Office of the SSA; and, again, the SSA's Regional Chief Counsel in New York City.

A week passed, and the Commissioner still did not file an answer. Plaintiff believed the Commissioner had been properly served, but on November 25—in what Plaintiff characterized as "an abundance of caution," and despite "believe[ing] the Defendant [to] ha[ve] been properly served"—Plaintiff filed a motion for an extension of time to serve the summons and complaint, in order to cure any potential service defect. *See* Docket No. 6-1. The Court scheduled a status conference for one week later, but the matter was not called. Plaintiff's counsel then corresponded with staff at the Commissioner's regional and local offices about Plaintiff's efforts to serve the Commissioner. Docket No. 14 ¶¶ 16-17.

On February 23, 2016, Plaintiff filed affidavits proving that the complaint had been served on the Department of Justice in Washington, D.C.; the SSA's Regional Chief Counsel in New York City; and the Buffalo Office of the SSA. That same day, the Commissioner filed a motion to dismiss for inadequate service. *See* Docket No. 12. In

---

[2] A copy of the Court's Standing Order may be found at http://www.nywd.uscourts.gov/rules-individual-local-federal.

response, Plaintiff's counsel served the U.S. Attorney for the Western District of New York while acknowledging that, for the past several months, he had "diligently, though imperfectly, attempted to properly serve the Defendant and to provide it notice of this proceeding." *Id.* ¶ 18-20. Plaintiff therefore sought an extension of time to serve the Commissioner.

## DISCUSSION

To properly serve a federal agency a plaintiff must serve a copy of the summons and complaint on: (1) the United States Attorney for the district where the action is brought; (2) the United States Attorney General in Washington, D.C.; and (3) the agency whose order the plaintiff is challenging. Fed. R. Civ. P. 4(i)(1)(A)-(C). The version of the Federal Rules of Civil Procedure in effect at the time Plaintiff filed his complaint gave Plaintiff 120 days from the date of filing his complaint to serve each of these parties. Fed R. Civ. P. 4(m).[3] Although each of these parties was eventually served, it is undisputed that neither the U.S. Attorney nor the Attorney General was timely served. Rather, the Attorney General was served 23 days after Rule 4(m)'s service period ended, and the Plaintiff did not serve the U.S. Attorney until shortly after the Commissioner filed her motion to dismiss.

When a party fails to effect timely service, a court "must" extend the time for service upon a showing of "good cause for the failure." Fed. R. Civ. P. 4(m). Relevant here, however, it is well settled that "attorney error does not constitute good cause under Rule 4(m)." *Counter Terrorist Grp. U.S. v. N.Y. Magazine*, 374 F. App'x 233, 235 (2d Cir. 2010).

---

[3] As of December 1, 2015, Rule 4(m) was amended to decrease the time for service to 90 days.

Plaintiff has not shown good cause for his failure to timely serve the Attorney General and the U.S. Attorney. Plaintiff argues that he has established good cause because, in attempting to effect proper service, Plaintiff's counsel relied on information he found on the Commissioner's website. Specifically, Plaintiff's counsel states that, upon receiving a summons for the Commissioner, he "promptly served upon the Defendant's Office of the Regional Chief Counsel in New York City because that is the address designated for service on the SSA's website regarding the service of legal documents, including appeals." Docket No. 15 at 13. The Commissioner does not dispute that service upon the SSA was timely.[4] *See* Docket No. 18 at 2. Plaintiff, however, does not explain his failure to timely serve the Attorney General and the U.S. Attorney. The record shows that Plaintiff's failure to do so resulted from a clear misunderstanding of the manner in which the Federal Rules of Civil Procedure require service on a federal agency—in other words, attorney error. Plaintiff has therefore not shown "good cause" for his failure to complete service as required by Rule 4(i).

Even absent a showing of good cause, however, a district court may still exercise its discretion to extend the time for service. *See Zapata v. City of N.Y.*, 502 F.3d 192, 197 (2d Cir. 2007). When deciding whether to grant a discretionary extension of time, courts in the Second Circuit consider several factors, including (1) whether the statute of limitations would bar a refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant is evading service or has attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by granting the plaintiff's request. *See id.* at 195, 198. *See also Zaffuto v.*

---

[4] The Commissioner notes that service upon her was technically improper because it was "conducted by personal service, as opposed to registered or certified mail," as required by Rule 4(i)(1)(C). However, the Commissioner does not move for dismissal on this ground.

*Peregrine Health Mgmt.*, 280 F.R.D. 96, 99 (W.D.N.Y. 2012).  In short, the Court must "weigh[] the impact that a dismissal or extension would have on the parties." *Zapata*, 502 F.3d at 197.  Doing so here, the Court concludes that the facts of this case warrant a discretionary extension of time to complete service.

First, the Court must consider how, if at all, Plaintiff would be prejudiced if this case were dismissed.  The Commissioner acknowledges that if the Court granted her motion, "the statute of limitations would bar re-filing in this case."  Docket No. 12-1 at 8.  But the Commissioner then attempts to downplay this, noting that this is not a case in which Plaintiff challenges a *denial* of his Social Security benefits.  Rather, the Commissioner notes, "Plaintiff brought this action simply claiming that he should be receiving a higher monthly payment amount."  Docket No. 12-1 at 9.

The Commissioner's argument minimizes the prejudice to Plaintiff if this case were dismissed.  Plaintiff is certainly prejudiced by receiving less in Social Security benefits each month than he might be legally entitled to receive.  To be sure, the prejudice to Plaintiff is not as great as it would be if the Commissioner had denied *all* of Plaintiff's benefits.  But when a monthly reduction in benefits is added up over the course of Plaintiff's life, the prejudice becomes much more considerable.  As a result, the Commissioner's acknowledgment that Plaintiff could not refile this case if it were dismissed weighs strongly in favor of extending the time for service.

Second, the Commissioner admits that, despite Plaintiff's improper service, she had actual notice of this case for several months before filing her motion to dismiss.  Docket No. 12-1 at 9-10.  Thus, the second factor weighs in Plaintiff's favor.

The third factor is neutral in this case: there has been no meaningful claim that the Commissioner tried to conceal Plaintiff's defect in service. To be sure, the Commissioner did not alert Plaintiff of his failure to effect timely service. A defendant, however, is under no legal obligation to notify the plaintiff that, in the defendant's view, service has been improper.

Fourth and finally, the Court must consider whether the Commissioner would be prejudiced if Plaintiff were given an extension of time to complete service. The Commissioner contends that, given the "sheer volume" of claims filed against the Social Security Administration, the Commissioner depends on claimant-plaintiffs following the rules of service. As such, the Commissioner argues that excusing Plaintiff's failure to follow Rule 4(i) frustrates the Commissioner's obvious interest in operational efficiency. Given the volume of Social Security appeals filed in this District, the Court is sensitive to the Commissioner's concern. But the Court must, based "on the facts of [this] case, . . . weigh the prejudice to the defendant that arises from the necessity of defending an action after both the original service period and the statute of limitations have passed before service." *Zapata*, 502 F.3d at 198.

Doing so here, the Court concludes that the Commissioner would be minimally prejudiced by extending service in this case. The Court not does discount the Commissioner's administrative burden in processing the staggering number of Social Security appeals filed in this District, but one improperly-served appeal from a law firm that, in the Court's experience, does not often (if ever) file Social Security appeals will not cause the Commissioner's Regional Chief Counsel's Office to fall into disarray. And, moreover, this is not a case in which the Commissioner's ability to defend herself

6

decreases over time. To the contrary: the administrative record on which the Court must decide this case is frozen in time, and this case presents only a discrete legal issue for the Court to resolve. The Commissioner can defend herself just as well now as she could if Plaintiff had timely effected service. Thus, the Commissioner is minimally prejudiced by extending the time for service.

Finally, the Commissioner's reliance on this Court's decision in *Mused v. U.S. Department of Agriculture*, 169 F.R.D. 28 (W.D.N.Y. 1996), while understandable, is misplaced. In *Mused*, the Court rejected a request to grant a discretionary extension of time to serve a federal agency. The plaintiff in *Mused* argued, as Plaintiff does in this case, that an extension of the time for service was appropriate because the agency had actual notice of the lawsuit and would not be prejudiced by the extension of time. The Court rejected that argument, noting that "[n]either actual notice nor absence of prejudice to the defendant provides an adequate basis for excusing noncompliance with Rule 4(m), unless plaintiff has *diligently attempted to complete service.*" 169 F.R.D. at 34 (emphasis added). The Court noted that the plaintiff in *Mused* "did not exercise any diligence." *Id.* Here, in contrast, Plaintiff's counsel diligently attempted to correct defects in service: he repeatedly attempted to serve the Commissioner in multiple ways, following up when he received no response, and seeking an extension of time to correct service. And, importantly, Plaintiff's counsel acknowledges that his attempts at service were "imperfect." Docket No. 14 ¶ 20.

In short, "in light of all the circumstances here, [the Court] do[es] not believe that the prejudice to the defendant is unfair, or substantial enough to outweigh the factors weighing in favor of an extension, particularly in light of the general preference in this

circuit for deciding cases on the merits rather than on the basis of procedural missteps." *Zaffuto*, 280 F.R.D. at 100-01.  Thus, after careful consideration of the facts of this case, and because the Commissioner, the Attorney General, and the U.S. Attorney have now all been served, the Court deems service on all three parties effective *nunc pro tunc*.

## CONCLUSION

For the reasons stated above, the Court denies the Commissioner's motion to dismiss (Docket No. 12) and grants Plaintiff's motion for an extension of time to serve the summons and complaint (Docket No. 6).  The Court deems service under Rule 4(i) effective *nunc pro tunc*.

Pursuant to the Court's Standing Order for Social Security appeals, the Commissioner shall, within 90 days of the date of this Decision and Order, file the certified transcript of administrative proceedings, which shall constitute the Commissioner's answer.  Because this case appears to involve only a narrow question of law, the Court will **shorten the default briefing schedule set in the Court's Social Security Standing Order.**  After the Commissioner files the transcript of administrative proceedings, absent any requests for an extension of time, Plaintiff shall file a motion for judgment on the pleadings within 30 days, and the Commissioner shall respond with 30 days.  Plaintiff may then reply within 14 days.

**SO ORDERED.**

Dated: November  23, 2016         *s/Richard J. Arcara*
    Buffalo, New York          HONORABLE RICHARD J. ARCARA
                               UNITED STATES DISTRICT JUDGE